HOAGLAND *v.* ROE.

*Scire facias* to obtain a *ca. sa.* upon a judgment, under the code of 1843. The affidavit charged the defendant, in the language of the statute, with having effects out of which, &c., and which he fraudulently concealed, &c. Pleas, *inter alia*, 1. That the defendant was a householder, &c., and the property was exempt from execution. Demurrer sustained. 2. That no writ of *fi. fa.* was issued against him; but that he was ready and willing at the time of the rendition of the judgment, had ever since been, and still was, to surrender sufficient property to satify the judgment, &c. Demurrer to this plea sustained, and refusal to permit the defendant to prove the facts alleged in it.

*Held*, that the demurrer to the first plea was correctly sustained. It should have averred that the defendant was a resident householder.

*Held*, also, that the rulings touching the second plea were erroneous.

ERROR to the *Randolph* Circuit Court.

PERKINS, J.—*Scire facias* to obtain a *ca. sa.* upon a judgment. The proceeding was under the code of 1843.

The affidavit charged the defendant, in the language of the statute, with having effects with which the judgment might be paid, and which he fraudulently concealed to defraud the plaintiff. This charge the defendant was called upon to answer. He pleaded several matters in defense. Among them, that he was a householder, &c., and that the property was exempt from execution. This plea was held bad on demurrer, and rightly. It did not aver that the defendant was a resident householder, while it is only such that are entitled to the privilege of the statute.

The defendant also pleaded that no writ of *fieri facias* issued against him, but that he was ready and willing at the time of the rendition of the judgment, had ever since been, and still was ready to surrender to the sheriff sufficient property to pay the debt and costs. The Court sustained a demurrer to this plea, and, on the trial, refused to permit the defendant to prove the facts alleged in it.

The case is without briefs. We are not advised of the grounds upon which the Court made the rulings in question. It seems to us that they were erroneous.

Nov. Term,
1856.

GRAHAM
v.
THE EVANS-
VILLE, &c.

The plaintiff charges the defendant with fraudulently concealing his property to prevent the payment of the given debt. That charge, the defendent certainly could be allowed the privilege of disproving. And if he had been at all times ready to deliver up sufficient property to pay the debt when called on, it could scarcely be true that he was attempting to defraud the creditor. At all events, the fact would tend to rebut such a purpose.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded for a new trial, with leave to reform issues.

*B. McClelland,* for the plaintiff.

*W. A. Peelle* and *T. J. Sample,* for the defendant.